# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**GARY D. FRIDLEY,**
**Claimant Below, Petitioner**

**FILED**

October 10, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No.  17-0064** (BOR Appeal No. 2051517)
(Claim No. 2014020358)

**ALPHA NATURAL RESOURCES,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gary D. Fridley, by John Shumate, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alpha Natural Resources, by H. Tony Stroud, its attorney, filed a timely response.

The issue on appeal is whether Mr. Fridley is entitled to benefits for occupational pneumoconiosis. On July 11, 2014, the claims administrator granted a 0% permanent partial disability award. The Office of Judges affirmed the claims administrator's award in its August 3, 2016, Order. The Order was affirmed by the Board of Review on December 27, 2016.  The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Fridley, a coal miner, filed a physician's report of occupational pneumoconiosis signed by A. Mirza, M.D., on December 11, 2013. Dr. Mirza diagnosed Mr. Fridley with occupational pneumoconiosis. The claims administrator referred the claim to the Occupational Pneumoconiosis Board on January 13, 2014. On May 15, 2014, the Occupational Pneumoconiosis Board reviewed the record and was unable to make a diagnosis of occupational pneumoconiosis. Chest x-rays showed insufficient pleural or parenchymal changes to establish a diagnosis of occupational pneumoconiosis. Pulmonary testing, including diffusion and blood gas studies, was within normal limits.

1

On July 11, 2014, the claims administrator granted a 0% permanent partial disability award based on the Occupational Pneumoconiosis Board's opinion finding no evidence of pulmonary impairment and lack of diagnosis of occupational pneumoconiosis. On November 3, 2013, Afzal Ahmed, M.D., prepared a report stating that he read an October 21, 2013, chest x-ray as positive for occupational pneumoconiosis. Charles Porterfield, D.O., performed arterial blood gas analysis and prepared a report on April 21, 2015. The analysis supported a finding of 10% permanent partial impairment. An arterial blood gas study was performed at the Occupational Lung Center on October 30, 2015. The testing was within normal limits and resulted in no impairment.

A hearing was held before the Occupational Pneumoconiosis Board on June 15, 2016. The Board members reviewed chest x-rays and could not make a diagnosis of occupational pneumoconiosis. After review of the blood gas studies, the Board opined that Mr. Fridley had no impairment of pulmonary function related to occupational pneumoconiosis. Mr. Fridley's previous diagnosis of sarcoidosis could have an impact on his pulmonary functioning as sarcoidosis is a disease of the lungs that can have interstitial markings and effect breathing. However, Mr. Fridley's breathing was normal and his oxygenation appeared to be normal as well.

On August 3, 2016, the Office of Judges affirmed the claims administrator's July 11, 2014, award of 0% permanent partial disability. It noted Mr. Fridley was sixty years old with a thirty-five year history of dust exposure. It also noted that Dr. Porterfield supported a finding of 10% permanent partial disability based on the April 21, 2015, arterial blood gas study. However, the Office of Judges noted a later study performed at the Occupational Lung Center on October 30, 2015, was within normal limits and resulted in no impairment. Moreover, the Occupational Pneumoconiosis Board could not make a diagnosis of occupational pneumoconiosis and opined Mr. Fridley had no impairment of pulmonary function related to occupational pneumoconiosis. The Office of Judges found that the Occupational Pneumoconiosis Board's testimony was credible and was uncontradicted by any other medical evidence. Its opinion was supported by a preponderance of the evidence. Therefore, the Office of Judges concluded that a preponderance of the evidence failed to demonstrate Mr. Fridley had sustained pulmonary functional impairment attributable to occupational pneumoconiosis.

The Board of Review affirmed Order of the Office of Judges on December 27, 2016. After review, we affirm the Board of Review. Substantial deference is afforded to the findings of the Occupational Pneumoconiosis Board which found no evidence of occupational pneumoconiosis. Moreover, it found that Mr. Fridley's pulmonary function improved according to the arterial blood gas studies. The Board of Review's reliance on the Occupational Pneumoconiosis Board's opinion was not misplaced.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 10, 2017**


**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker